UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:18cv80750

CHRISTMENE SHINN,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.                                    **COMPLAINT – CLASS ACTION**

COLLECTO, INC. d/b/a
EOS CCA,

    Defendants.

_____/

**CLASS ACTION
COMPLAINT AND JURY DEMAND**

On behalf of the putative class, Plaintiff CHRISTMENE SHINN ("Plaintiff"), seeks redress for the unlawful conduct of Defendant COLLECTO, INC. d/b/a EOS CCA ("Defendant"), *to wit*, for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") and Florida Statute §559.551, the Florida Consumer Collection Practices Act ("FCCPA"). Simply put, Defendant has dispatched thousands unlawful collection letters to Florida consumers, whereby such letters violate § 1692e, § 1692f and § 1692g of the FDCPA and §559.72 of the FCCPA.

**INTRODUCTION**

1. The FDCPA "is a consumer protection statute that 'imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair'" debt-collection practices. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010)).

2. "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006) (internal quotations omitted); *see, e.g.*, Id. at 453 (quoting 15 U.S.C. §1692(a)) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

3. The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). In 1993, the FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and prohibitions of the FDCPA. *See* Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA. Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted)).

4. As set forth in more detail below, Defendant has dispatched thousands of unlawful collection letters to Florida consumers in an attempt to collect consumer debts while misleading consumers with regards to their statutory rights to not be subjected to any fees not authorized by agreement or law. Accordingly, Plaintiff, on behalf of the putative class, seeks statutory damages under the FDCPA and FCCPA over the punitive class timeframe set forth herein.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k.

6. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained of conduct occurred within this District.

## DEMAND FOR JURY TRIAL

7. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all counts alleged and on any issues so triable. *See* Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir.1982) (wherein the Eleventh Circuit held that, "a plaintiff, upon timely demand, is entitled to a trial by jury in a claim for damages under the FDCPA.").

## PARTIES

8. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Palm-Beach County, Florida.

9. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a.

10. Defendant is a Massachusetts Corporation, with its principal place of business located in Norwell, Massachusetts.

11. Defendant is a corporation subject to the FCCPA. *See*, *e.g.*, Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. §1.01(3)).

12. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

13. At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

14. The debt at issue (the "Consumer Debt") is the amount Plaintiff allegedly owes the current creditor for a sum of funds advanced to Plaintiff as a student loan.

15. The current creditor of the Consumer Debt is U.S. Asset Management, Inc. (the "Current Creditor") who purchased the loan from the original creditor.

16. The Consumer Debt is a "debt" governed by the FDCPA. *See* 15 U.S.C §1692a(5).

17. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

18. Defendant is a "debt collector" as defined by the FDCPA. *See* 15 U.S.C §1692a(6).

19. On or about April 8, 2018, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

20. In the Collection letter, Defendant seeks to collect an amount totaling $28,033.68. *See* Exhibit "A."

21. On the back of the Collection Letter, Defendant provides a break-down of the amount it seeks to collect; specifically, *inter alia*, Defendant seeks to collect $78.48 in "*collection fees*." *Id*.

22. Among other requirements, Defendant must have either express authorization by an agreement or express statutory authority to collect any sort of collection fee; here, Defendant has neither. To that end, Defendant has violated multiple provisions of the FDCPA when it attempted to collect the "collection fee" from Plaintiff and other consumers.

## CLASS ACTION ALLEGATIONS

23. This action is brought on behalf of the following classes, *to wit*, the "**Illegal Collection Fee Class**" and the "**FCCPA Class**."

24. The "**Illegal Collection Fee Class**" consists of:

> (i) all persons with Florida addresses (ii) who were sent a letter (iii) between June 9, 2017 and June 9, 2018 (iv) from Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendant was not the original-creditor, (vii) and Defendant attempted to collect collection fees in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f 1692f(1) and/or 1692g(a)(1).

and

25. The "**FCCPA Class**" consists of:

> (i) all persons with Florida addresses (ii) who were sent a letter (iii) between June 9, 2016 and June 9, 2018 (iv) from Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendant was not the original-creditor, (vii) and Defendant attempted to collect collection fees in violation of Fla. Stat. §559.72(9).

26. Plaintiff alleges on information and belief that the "Illegal Collection Cost Fees" and the "FCCPA Class" are so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical dunning letters to addresses in Florida attempting to collect debts with the same deceptive practices at issue here.

A. *<u>EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT</u>*

27. Common questions of law and fact exist as to the classes and predominate over any issues involving only individual class members.

28. With respect to the **Illegal Collection Fee Class**:

> **a.** The *factual issues common* to the class are whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

   **b.**  The *principal legal issue* of the class is whether Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f 1692f(1) and/or 1692g(a)(1) by attempting to collect a "collection fee."

29. With respect to the **FCCPA Class**:

   **a.**  The *factual issues common* to the class are whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

   **b.**  The *principal legal issue* of the class is whether Defendant violated Fla. Stat 559.72(9) by attempting to collect a "collection fee."

30. Excluded from each class is Defendant's agents and employees, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

B. *TYPICALITY*

31. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

C. *ADEQUACY*

32. Plaintiff is an adequate representative of the proposed classes.

33. Plaintiff will fairly and adequately protect the interests of the classes.

34. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

D.   *PREDOMINANCE AND SUPERIORITY*

35.   Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(a)   The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(b)   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

36.   Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, in that, Defendant has acted on grounds generally applicable to the classes thereby making appropriate declaratory relief with respect to the classes as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, 1692f(1) and 1692g(a)(1)**

37.   Plaintiff incorporates by reference paragraphs 14-22 of this Complaint as though fully stated herein.

38.   Pursuant to § 1692e(2) of the FDCPA, Defendant is prohibited from, *inter alia*, falsely representing the character, amount or legal status of the Consumer Debt.  Here, by attempting to collect an amount that Defendant was not permitted by law nor contract to collect (i.e., the "collection fee"), Defendant violated § 1692e(2) of the FDCPA.

39.   Section 1692e(10) of the FDCPA prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt" 15 U.S.C. § 1692e(10). By falsely and

deceptively representing entitlement to the "collection fee," when it had no right to such fees, Defendant violated § 1692e(10) of the FDCPA.

40. Section 1692f(1) of the FDCPA prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Here Defendant did not have express authorization by any agreement to collect the "collection fees" nor was it permitted by any law to do the same. Therefore, Defendant violated 15 U.S.C. § 1692f(1).

41. Section 1692g(a)(1) of the FDCPA requires that a debt collector send the consumer a written notice containing "the amount of the debt." *See* 15 U.S.C. §1692g(a)(1). In short, Defendant failed to provide an accurate disclosure of the amount of the debt given the wrongful addition of "collection fees" to the alleged balance of the Consumer Debt. Consequently, Defendant violated 15 U.S.C. § 1692g(a)(1).

## *COUNT II.*
## **VIOLATION OF Fla. Stat 559.72(9)**

42. Plaintiff incorporates by reference paragraphs 14-22 of this Complaint as though fully stated herein.

43. Defendant violated Fla. Stat. §559.72(9) by attempting to assess Plaintiff "collection fees," despite knowing that it had no lawful authority to seek the collection thereof, as described above. *See* Michael v. Hovg, 2017 WL 129111, at *5-6 (S.D. Fla. Jan. 10, 2017) (finding that the plaintiff successfully stated a claim for violation §559.72(9), Fla. Stat., as the collection letter stated the plaintiff "may incur processing charges when utilizing the online and phone methods of payment… [and] …the least sophisticated consumer may plausibly believe that the

[collection letter] 'threaten[ed] to enforce a debt' or 'assert the existence of some other legal right.'" (emphasis added)). Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)   Statutory damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant;

(b)   Statutory, as provided under Fla. Stat. §559.77(2), for the FCCPA violation committed by Defendant;

(c)   Punitive Damages;

(d)   An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FDCPA or FCCPA;

(e)   Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. §559.77(2); and

(f)   Any other relief that this Court deems appropriate and just under the circumstances.

DATED: June 9, 2018

Respectfully Submitted,

 /s/ Jibrael S. Hindi                              .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:        855-529-9540

*COUNSEL FOR PLAINTIFF*