UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:18cv80750

CHRISTMENE SHINN,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.                                        **CLASS ACTION**

COLLECTO, INC. d/b/a
EOS CCA,

    Defendants.

_____/

**MOTION FOR EXTENSION OF TIME
TO FILE MOTION FOR CLASS CERTIFICATION**

**Background**

Briefly stated, this is a case involving the systematic attempted collection of "collection costs" and/or "collection fees" by Defendant (a debt collector) from consumers. Under the Fair Debt Collection Practices Act ("FDCPA"), in order to collect a "collection cost" or "collection fee" from a consumer, the debt collector must either have contractual or statutory authority to do so. Plaintiff submits in its class action Complaint that Defendant can point to neither statutory nor contractual authority to collect "collection costs" or "collection fees" and seeks to hold Defendant liable for its illegal imposition of such costs or fees.

**Argument**

Plaintiffs, CHRISTMENE SHINN, by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 6(b), hereby file this motion to for extension of time to file her motion for class

certification, currently set for August 27, 2018 pursuant to the Court's scheduling order of July 10, 2018 (Doc. 10). In support thereof, Plaintiff states the following:

1. When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires. Fed. R. Civ. P. 6(b)(1)(A).

2. Motions for class certification are one of those acts which fall within the contemplated purview of Fed. R. Civ. P. 6(b)(1). *See, e.g.*, *Blake v. Enhanced Recovery Company, LLC*, No. 10-cv-1178 (M.D. Fla., Aug. 17, 2011) (analyzing motion for late filing of class certification under Rule 6(b)(1)(B)).

3. Here, the Court's scheduling order of July 10, 2018 sets the date for the filing of Plaintiff's motion for class certification at August 27, 2018 (48 days from the entry of the scheduling order).

4. Expeditiously, 12 days after the entry of the Court's scheduling order, on July 23, 2018, Plaintiffs served upon Defendant Interrogatories, Request for Production of Documents and Request for Admissions ("Plaintiff's First Set of Discovery Requests"). *See Exhibit A- Plaintiff's First Set of Discovery Requests*. Responses to Plaintiff's First Set of Discovery Requests were due, and ultimately served, on the undersigned on August 22, 2018 (2 business days before the due date of Plaintiff's motion for class certification).

5. Indeed, Plaintiff's counsel was aware of the tight deadline set by the Court since the entry of the Court's scheduling order and made all possible efforts to obtain enough information through Plaintiff's First Set of Discovery Requests to diligently support Plaintiff's

forthcoming motion for class certification. Although it was clear that obtaining sufficient information through discovery to support the motion for class certification would be "cutting it close," the undersigned believed that it would still be possible *if Defendant participated in discovery in good-faith*, as should be expected.

6. On August 22, 2018, the undersigned was served with (no exaggeration) the most deficient, evasive and *demonstrably dishonest* discovery responses the undersigned has ever witnessed in the over 350 consumer protection cases that the undersigned has litigated. The conduct of Defendant and their counsel is clearly a bad-faith attempt to stone-wall Plaintiff from being able to obtain even the most basic class information in order to support Plaintiff's motion for class certification.

7. For instance, with regards to Plaintiff's twenty-one requests for production, Defendant *objected to all twenty-one requests and produced not even a single document*. (*See Exhibit A and Exhibit B- Defendant's Response to Plaintiff's Request for Production of Documents.*). Even more alarming is that Defendant flat-out lied in their responses in order to further their efforts of defeating this class action through obstruction. For example, Request for Production # 5 asks Defendant to produce "all executed promissory notes and contracts governing the Debt."[1] Defendant responded to this request by stating "[n]one in Defendant's possession, custody or control." This is a lie. The truth is that Defendant does indeed have these documents in its possession but is attempting to obstructively hide this fact in order to manufacture an existence of lack of information to support class certification and hide evidence key to the

---

[1] The promissory note is extraordinarily vital to this case because it will demonstrate whether or not Defendant had contractual authority to collect the "collection cost/fee."

- 3 -

prosecution of this case. This seemingly bold accusation is in fact the reality of the circumstances given that (as Defendant's counsel did not realize)[2] Defendant previously provided the promissory note to Plaintiff upon her personal request to Defendant prior to the initiation of this class action. *See Exhibit C- Portion of Plaintiff's Promissory Note Previously Produced by Defendant.* Plaintiff has additional evidence to demonstrate that other responses provided by Defendant are objectively false and will present such evidence in Plaintiff's forthcoming motion to compel.

8. Further evidence supporting Defendant's bad-faith and obstructive conduct can also be found by turning to Defendant's Responses to Plaintiff's Interrogatories. *See Exhibit D- Defendant's Responses to Plaintiff's Interrogatories*. Consistent with its goal of hiding even the most basic of information to support the class certification motion, Defendant objected *to all twenty-seven Interrogatories with the same boiler-plate objections and provided zero substantive responses*.

9. Defendant's responses to Plaintiff's request for admissions proceeds in like fashion where Defendant *objected to and failed to admit or deny twenty-one of the twenty-two requests for admission. See Exhibit E- Defendant's Response to Plaintiff's Request for Admissions*.

10. Accordingly, due to Defendant's deceitful and obstructionist tactics, Defendant has failed to cooperate in good-faith in the discovery process and have made it impossible for Plaintiff to submit a diligent and adequate motion for class certification. Plaintiff

---

[2] The undersigned is confident that Defendant was not meaningfully involved in the preparation of the discovery responses but rather the discovery responses were the product of Defendant's counsel's own responses. This is further supported by the fact that the interrogatory responses are not verified by any natural person within Defendant's organization, Defendant's response to Interrogatory # 2 and the fact that Defendant clearly *did have* the vital promissory note that was requested in Request for Production # 5.

respectfully submits to this Court that a suitable extension for the filing Plaintiff's motion for class certification should be December 5, 2018. This should provide for ample time for Plaintiff to have a hearing on Plaintiff's forthcoming motion to compel[3] and obtain candid discovery responses in order to aid in preparation of her motion for class certification.

WHEREFORE, Plaintiffs, for good cause shown, respectfully request an Order extending the deadline for Plaintiffs to file their motion for class certification until December 5, 2018, and such other and further relief as the Court deems appropriate.

CERTIFICATE OF CONFERRAL

I HEREBY CERTIFY that counsel for the Defendant was consulted regarding the relief requested in this motion and has opposed the relief sought in this motion.

Dated August 26, 2018

                                              Respectfully submitted,

                                              */s/ Jibrael S. Hindi*
                                              Jibrael S. Hindi, Esq.
                                              THE LAW OFFICE OF JIBRAEL S. HINDI, PLLC.
                                              110 SE 6th Street
                                              Ft. Lauderdale, FL 33301
                                              Telephone: (954) 907-1136
                                              Facsimile: (855) 529-9540
                                              jibrael@jibraellaw.com

                                              *Attorney for Plaintiff*

---

[3] On August 22, 2018, the same day that Plaintiff was served with Defendant's discovery responses, upon review of the responses, the undersigned immediately contacted counsel for Defendant and informed him of the grossly deficient and evasive responses and requested a date and time to confer regarding such responses in order to move forward with Plaintiff's forthcoming motion to compel discovery responses.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 26, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

                By: <u>s/ *Jibrael S. Hindi*</u>
                    **Jibrael S. Hindi, Esq.**