THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:18-cv-80750

CHRISTMENE SHINN,
individually and on behalf of all
others similarly situated,

        Plaintiff,

   v.

COLLECTO, INC. d/b/a
EOS CCA,

        Defendant.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE A MOTION FOR CLASS CERTIFICATION**

     NOW COMES Defendant, COLLECTO, INC., d/b/a EOS CCA, ("COLLECTO"), by and through its unsigned counsel and responds to Plaintiff's Motion, and states as follows:

**I.      Introduction:**

     We as lawyers and judges operate in a world where words have meaning.  The use or non-use of a singular word can create prodigious and divergent nuances.  The inclusion of a singular word or phrase can make an otherwise mundane statement or request objectionable.  As will be demonstrated herein, Plaintiff's Motion is replete with unsubstantiated accusations which often conflates what appears to be simple issues with more complex matters.

     An example of this is Plaintiffs' Request for Production No. 8 which reads:

          "*All documents which provide an itemization of the Consumer Debt*."

     While such a request may seem rather ordinary, there are clear, objectionable issues with such a request.  Initially, the word "Consumer Debt" debt is capitalized, which ordinarily signifies

importance. However, Plaintiff fails to define such term anywhere in the instructions or definitions of the discovery requests.

Moreover, Plaintiff has brought a putative class action suit under the FDCPA and FCCPA wherein the term "consumer debt" has a very specific meaning and is one of three fundamental elements that a plaintiff must prove when seeking redress under either statute.[1] As such, the request clearly calls for the Defendant to make a legal determination as to whether Plaintiff's debt is or in not a consumer debt as defined by the FDCPA and/or FCCPA, and is thus objectionable on that basis alone. Based on the undersigned representation of a myriad of defendants in scores of consumer actions and class actions, if Defendant were to provide a response to such a request, Plaintiff would more likely than not point to such a response as an acknowledgment by Defendant that the debt at issue is a consumer debt as defined by the FDCPA and/or FCCPA. Plaintiff might have drafted the Request to read: *All documents which provide an itemization of the Plaintiff's account*. This would have taken away the legal conclusion issue in the request. However, Plaintiff chose the specific words for this request, and now has to live with those word choices.

Additionally, the request is vague, overly broad and seeks irrelevant information not proportional to the needs of this case. Plaintiff fails to provide a period of time when an itemization should be presented by Defendant – as of today, as of the date the debt was referred to Defendant, as of the time a specific letter was sent to Plaintiff.

---

[1] "In order to prevail on an FDCPA claim, a plaintiff must plead and prove three elements." *Elmore v. N.E. Florida Credit Bureau, Inc.*, 3:10-CV-573-J-37JBT, 2011 WL 4480419, *2 (M.D. Fla. 2011). "First, the plaintiff must have been the object of a collection activity arising from consumer debt." *Id*. (emphasis added). Accordingly, "[t]o recover under the FDCPA, a plaintiff must make a threshold showing that the money being collected qualifies as a 'debt.'" *Balthazor v. Sec. Credit Services*, LLC, 11-60867-CIV, 2012 WL 171097 (S.D. Fla. 2012)(Cohn, J.).[1] "The FCCPA has parallel requirements [to the FDCPA] to state a claim." *Ziemniak v. Goede & Adamczyk, PLLC*, 11-62286-CIV, 2012 WL 5868385, *2 (S.D. Fla. 2012); *see also, Smith v. Royal Oak Fin. Services, Inc.*, 3:11-CV-543-J-34JRK, 2012 WL 3290153, *3 (M.D. Fla. 2012) *report and recommendation adopted*, 3:11-CV-543-J-34JRK, 2012 WL 3290151 (M.D. Fla. 2012)("The FCCPA is the state counterpart of the FDCPA and requires similar allegations").

Further, the only material allegations in Plaintiff's Complaint are that on or about <u>April 8, 2018</u>, Defendant sent Plaintiff a collection letter, and that collection violated the FDCPA and/or FCCPA as Defendant did not allegedly have express authority by agreement or express statutory authority to collect any sort of "collection fee". Plaintiff does not claim Defendant attempted to collect an incorrect principal amount, an incorrect interest rate, or an incorrect total balance, but rather <u>only</u> alleges that Defendant did not have the authority to collect the "collection fee". As such, any question not relating to the "collection fee" is not proportional to the needs of the case.

As will be detailed below, rather than attempt to address clear, identifiable issues with Plaintiff's Discovery Requests, Plaintiff takes a "shoot first, ask questions later approach", and hurls accusations that Defendant and/or its counsel were dishonest, acted in bad-faith, lied, stone-walled Plaintiff, and failed to properly respond to discovery requests.

**II.      Background Information**.

On June 9, 2018, Plaintiff filed the instant putative class action seeking redress against Defendant for alleged violations of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act ("FDCPA") and Florida Statute §559.551, the Florida Consumer Collection Practices Act ("FCCPA"). In the Complaint, Plaintiff alleges that "[o]n or about <u>April 8, 2018</u>[2], Defendant sent a collection letter to Plaintiff … in an attempt to collect the Consumer Debt." *See,* DE 1 at ¶ 19. Plaintiff alleges that Defendant violated the FDCPA and FCCPA whereby it sought to collect "$78.48 in *collection fees"* whereby it did not have "express authorization by any agreement or express statutory authority to collect any sort of collection fee". *Ibid* at ¶¶ 21 & 22.

In the instant case, it is tantamount for this Court to understand that Defendant did not add on the "collection fee" at issue, but such "fee" was added on by Sallie Mae prior to the debt being

---

[2] This date is incorrect. Defendant did not send any letter to Plaintiff on April 8, 2018. *See,* Exhibit "A" to DE 1.

sold to US Asset Management Inc., and then being referred to COLLECTO for collections. The following provides evidence of such:

- Plaintiff originally incurred a debt to Sallie Mae relative to a student loan.

- <u>Prior</u> to the account being sold to US Asset Management and referred to COLLECTO for collections, **Sallie Mae** added the Fees/Collection Costs of $78.48 to Plaintiff's delinquent account and notified Plaintiff of this Fee/Collection Cost, among other things, via its May 11, 2017 Charge-Off Statement.

- On or about May 18, 2017, Sallie Mae sold Plaintiff's Account to US Asset Management.

- On May 18, 2017, Plaintiff's delinquent account was referred to COLLECTO for collection.

- When Plaintiff's account was referred for collection, the information was transmitted electronically. COLLECTO refers to this type of transmission as a "data dump."

- As part of the data dump that included Plaintiff's delinquent account, the following information was provided, *inter alia*:

    a. Debtor's name:              Christmene Milhomme
    b. Debtor's Account Number:    9435665
    c. "Total Amount" of the Debt: $28,276.40
    d. "Principal" of the debt:    $24,237.32
    e. **"Fess/Collection Costs:"** **$ 78.48**

- The Fees/Collection Costs of $78.48 was a fee/collection cost that **Sallie Mae** added <u>prior</u> to the account being sold to US Asset Management and referred to COLLECTO for collections.

- The fact that the Fees/Collection Costs of $78.48 was added on by Sallie Mae prior to the sale of the Account to US Asset Management and referral of the account to COLLECTO for collections is demonstrated by Sallie Mae's "Charge Off Detail" Statement dated May 11, 2017.

- In pertinent part, Sallie Mae's May 11, 2017 letter included the following break down of the Charge-Off Detail of Plaintiff's Account:

    - Principal                $24,237.32
    - Interest                 $1,271.07
    - **Fees**                 **$78.48**
    - Total Charge-Off Amount  $25,586.87
    - Interest Rate            10.875%

- COLLECTO did not calculate, compute or assimilate the "Fee/Collection Cost".

- COLLECTO never added on any "Fee/Collection Cost".

*See,* Declaration of COLLECTO filed contemporaneously hereto.

This Court faced a near identical case in *Cornette v. I.C. Sys., Inc.,* 280 F. Supp. 3d 1362, 1369 (S.D. Fla. 2017). That case arose out of a $37.79 collection charge added to Plaintiff's account as a result of unpaid medical costs. Defendant did not expressly contest whether or not the collection charge violated the FDCPA. *Ibid.* However, defendant contended that even if the charge does violate the FDCPA, defendant is still not liable under the FDCPA because it had a right to rely on creditor's representations of plaintiff's debt and had no independent duty to investigate the charge. *Ibid.*

Judge Cook ruled:

> [defendant] was entitled to rely on the representations of the creditor even assuming the charges at issue were not authorized by the plaintiff's agreement with the creditor. *Pratt v. IC System, Inc.*, 05–60678–CIV–Ungaro, ECF No. 50, p. 10 (May 9, 2006). ICS only charged the plaintiff what the creditor represented was due and the court found its reliance was reasonable.
>
> *Pratt* did not require ICS to review the contract; in fact, it explicitly held otherwise. The FDCPA does not require debt collectors to conduct independent investigations of the information provided by clients when collecting a debt." *McStay*, 174 F.Supp.2d at 47.
>
> ICS is entitled to rely on the representations of its clients with respect to consumer debt without the need to conduct a pre-collection investigation.

*Ibid.*

### III. <u>Plaintiff's Motion</u>:

In her Motion for Extension of Time to File Motion for Class Certification ("Motion"), Plaintiff/Plaintiff's counsel makes insidious allegations without worrying about any truths or having any evidence to support her claims. Such assertions include the following:

- "the undersigned was served with (no exaggeration) the most deficient, evasive and *<u>demonstrably dishonest</u>* discovery responses the undersigned has ever witnessed in the over 350 consumer protection cases that the undersigned has litigated. The conduct of Defendant and their counsel is clearly a <u>bad-faith</u> attempt to stone-wall Plaintiff from being able to obtain even the most basic class information in order to support Plaintiff's motion for class certification."

- "Even more alarming is that Defendant <u>flat-out lied</u> in their responses in order to further their efforts of defeating this class action through obstruction. For example, Request for Production # 5 asks Defendant to produce "all executed promissory notes and contracts governing the Debt." Defendant responded to this request by stating "[n]one in Defendant's possession, custody or control." <u>This is a lie</u>. Defendant previously provided the promissory note to Plaintiff upon her personal request to Defendant prior to the initiation of this class action. *See Exhibit C- Portion of Plaintiff's Promissory Note Previously Produced by Defendant*."

- "Defendant's responses to Plaintiff's request for admissions proceeds in like fashion where Defendant *objected to and failed to admit or deny twenty-one of the twenty-two requests for admission*."

- "Further evidence supporting Defendant's <u>bad-faith</u> and <u>obstructive</u> conduct can also be found by turning to Defendant's Responses to Plaintiff's Interrogatories. *See Exhibit D- Defendant's Responses to Plaintiff's Interrogatories*. Consistent with its goal of hiding even the most basic of information to support the class certification motion, Defendant objected *to all twenty-seven Interrogatories with the same boiler-plate objections and provided zero substantive responses*."

- "The undersigned is confident that Defendant was not meaningfully involved in the preparation of the discovery responses but rather the discovery responses were the product of Defendant's counsel's own responses. This is further supported by the fact that the interrogatory responses are not verified by any natural person within Defendant's organization."

The above-cited claims appear to stem more from Plaintiff's lack of knowledge of the law and the Federal Rules of Civil Procedure as applicable to Plaintiff's Discovery Requests and Defendant's Responses, rather than facts or evidence. As will be detailed below, Plaintiff's claims

made in his Motion are without substance, merit and are often contrary to law and the Federal Rules of Civil Procedure.

## IV. Argument:

### a. *Plaintiff's assertion Defendant's discovery responses are evasive and demonstrably dishonest and provided in a bad-faith attempt to stone-wall Plaintiff from being able to obtain even the most basic class information in order to support Plaintiff's motion for class certification is without merit.*

Plaintiff maintains that Defendant's discovery responses are evasive, *demonstrably dishonest* and provided in bad faith. Other than a threadbare assertions, Plaintiff provides no justification or evidence for such a claim. As will be shown, these allegations against Defendant and its counsel are nothing more than puffery by Plaintiff in an attempt to hide poorly conceived and executed discovery requests.

As detailed above and in Defendant's discovery responses, the only material allegations in Plaintiff's Putative Class Action Complaint are that on or about April 8, 2018[3], Defendant sent Plaintiff a collection letter, and that collection letter violated the FDCPA and/or FCCPA as Defendant did not allegedly have express authority by agreement or express statutory authority to collect any sort of "collection fee". As detailed in Defendant's discovery responses and contrary to Plaintiff's allegations, Defendant did not add on any "collection fee", but rather this was a collection fee/cost that was added on by Sallie Mae prior to it selling the debt to US Asset Management Inc. *See,* Declaration of Collecto.

Plaintiff served poorly conceived discovery requests, and now blames Defendant and its counsel for not being able to file a motion for class certification.

Some examples of the deficient discovery requests are as follows:

---

[3] This is the incorrect date.

***Interrogatories:***

*(7) Identify the individual(s) within Defendant's organization with the most knowledge of Defendant's collection practices during the relevant period.*

*(9) Identify the individual(s) not part of Defendant's organization, i.e., third-party individuals and/or entities, organization with the most knowledge of Defendant's collection practices during the relevant period.*

Neither of these Interrogatories have any bearing on the instant case and claims of Plaintiff. These are boiler-plate interrogatories that are not specifically aimed to elicit any evidence that is proportional to the needs of this case. They are not narrowly tailored and are objectionable.

*(15) State the name, address, phone number, email address, creditor, and account number for each individual identified in response to Interrogatories 15 through 16.*

This interrogatory highlights the slovenly drafting of Plaintiff's Interrogatories. This interrogatory cannot be answered as Interrogatory No. 15 and No. 16 do not request Defendant to identify any individuals. Interrogatory No. 15 is inherently contradictory as it asks Defendant to identify each individual identified in Interrogatory No. 15.

*(18) Identify the method used to calculate the "Fees Coll. Costs" as stated in Exhibit A.*

Among other objections, Defendant responded to this interrogatory and stated: Defendant objects to this request as it has no first-hand knowledge of the requested information as the specific "fees" in question were not "calculated" by Defendant, but were rather added on by the original creditor, Sallie Mae. This fact is detailed in the accompanying declaration.

*(20) Explain the meaning of the term "Interest" as used in Exhibit A.*

*(24) Explain what legal (e.g., statutory/contractual) authority allows you to collect a "Interest" as depicted in "Exhibit A."*

At first interrogatories 20 and 24 seem routine. However, Plaintiff's Complaint contains no allegations concerning the "interest" contained in Defendant's letter(s). Plaintiff's only

allegations relates to an improper "collection fee". Defendant objected on such basis and that the request is nothing more than a fishing expedition.

### Requests for Production:

*(1) All Documents that Defendant sent to Plaintiff during the relevant period.*
*(7) All Documents, including manuals, instructions and guidelines, setting forth the policies and procedures of debt collection employed by Defendant during the relevant period.*

Again, these two requests are generalized boiler-plate requests not narrowly tailored to elicit any evidence that is proportional to the needs of this case, and has no relevancy as to whether Defendant improperly attempted to collect a "collection fee" in violation of the FDCPA and/or FCCPA.

*(10) All transcripts of all Depositions given in any civil action in the last 7 years.*

Defendant does not know even where to begin with this discovery request. It is not narrowly tailored to allegations of the Complaint, has no relevancy of any kind to this case, is not even limited to cases involving the FDCPA and/or FCCPA, and is not limited to cases involving similar allegations. This discovery request is nothing more than a fishing expedition.

*(15) A copy of all letters identified in interrogatory 15 through 18.*

This request highlights the haphazard drafting of Plaintiff's discovery requests. An examination of interrogatories 15, 16, 17 and 18 reveal that not one of such interrogatories seek any information relative to identification of letters.

### Requests for Admissions:

*(9) Admit that the Debt was barred by Florida's statute of limitations.*

There is no claim in Plaintiff's Complaint relative to the debt at issue being barred by the Florida Statute of Limitations. Further, there is no evidence presented by Plaintiff or even claim made that Florida law would apply to the debt at issue. This is another example of a fishing expedition.

*(16) Admit that US Asset Management, Inc. has never directly compensated you for services provided by you.*

This request has no bearing on the instant case and whether Defendant violated the FDCPA and/or FCCPA whereby Defendant did not allegedly have express authority by agreement or express statutory authority to collect any sort of collection fee.

Plaintiff maintains that Defendant's discovery responses are evasive, dishonest and propounded in bad-faith. As demonstrated by the above examples, Plaintiff's assertions lack substance.

### b. *Plaintiff's assertion that Defendant flat out lied in its responses is inaccurate:*

In her Motion Plaintiff pontificates that "Defendant flat-out lied in [its] responses". Plaintiff points to Request for Production # 5 which asks Defendant to produce "all executed promissory notes and contracts governing the Debt." Defendant responded to this request by stating "[n]one in Defendant's possession, custody or control." Without making any inquiry to Defendant or its counsel, Plaintiff maintains that "[t]his is a lie", purports that Defendant previously provided the promissory note to Plaintiff upon her personal request to Defendant prior to the initiation of this class action and draws this Court's attention to *Exhibit C*.

To begin with, COLLECTO is a third-party entity that was employed to attempt to collect a debt from the Plaintiff. COLLECTO had no involvement with the creation of and/or origination of Plaintiff's debt. COLLECTO did not have any involvement in the drafting of or execution of the promissory note. COLLECTO has/had no ownership in said debt and is not the entity that bought Plaintiff's debt from Sallie Mae. In short, Plaintiff obtained a loan from Sallie Mae. It is COLLECTO's understanding that Plaintiff failed to make any payments on said loan. Thereafter, Sallie Mae sold the account to US Asset Management Inc. US Asset Management Inc is a passive debt buyer. US Asset Management Inc. engaged COLLECTO to attempt to collect the delinquent account. The information that COLLECTO received relative to the delinquent account came in

the form of an electronic transfer of information.  COLLECTO received no documents upon placement of the account.  *See,* Declaration of COLLECTO.

Plaintiff avers that Defendant previously provided the promissory note to Plaintiff upon her request prior, and then jumps to the conclusion that Defendant lied.  However, Plaintiff claim is nothing more than an incorrect assumption made in hopes of casting Defendant and its counsel in a bad light.

The following is recitation of the actualities surrounding how Defendant provided Plaintiff said documents in May 2018:

- On May 5, 2018, Plaintiff placed an incoming call to Defendant's offices and stated that she wanted a copy of the promissory note, and asked that it be printed and mailed to her.  (RB3 05/08/18 4:18P ICC FROM B VER SS MM CMS - WANTS PROM NOTES, PRINTED AND MAILED).

- On May 9, 2018 Defendant received Plaintiff's May 3, 2018 letter requesting validation. (JLT 05/09/18 10:57 REC LOD REQUESTS VALIDATION PER NOTES IB PREVIOUSLY MAILED).

- As COLLECTO did not have any copy of the Promissory note, on May 9, 2018, it requested the note from its client and Sallie Mae (JLT 05/09/18 10:58 3IBR ITEMIZED BILL REQUES)

- Thereafter, COLLECTO was granted access via Sharepoint[4] to a copy of the note (SAK 05/09/18 2:34P PNOTE IS AVAILABLE ON SHAREPOINT).

- The note was then mailed to Plaintiff per her request.  (NCF 05/22/18 8:44 RVWD ACCT- IB APPROVED FOR MAIL)

*See* Account notes attached to Defendant's declaration as Exhibit 4.

As further evidence that COLLECTO did not have or maintain a copy of the promissory, May 2018 was not the first time that Plaintiff requested a copy of her promissory note.

- On January 24, 2018 Plaintiff placed an incoming call to Defendant and requested a copy of her note.  (MAR 01/24/18 5:05P ICC 954-515-9110 SPK TO C CMS

---

[4] SharePoint is a web-based collaborative platform for secure document management and transfer.

> VSSN MM CLIENT MAR 01/24/18 5:05P NAME--REQUESTING FOR IB--UPDATED ADD)
>
> - On January 24, 2018, COLLECTO requested a copy of the promissory notes. (MAR 01/24/18 5:06P 3IBR ITEMIZED BILL REQUES)
>
> - On January 31, 2018, COLLECTO was granted access to a copy of the notes via Sharepoint. (DJM 01/31/18 11:41 3IBO ITEM BILL OBTAINED DJM 01/31/18 11:42 P NOTE IS AVAILABLE ON SHAREPOINT)
>
> - On February 12, 2018, a copy of the promissory note was mailed to Plaintiff. (GUG 02/12/18 10:09 3IBM ITEM BILL MAILED)

*Ibid.*

Again, COLLECTO is a third-party debt collector who received all information relative to Plaintiff's account via an electronic transfer of information. COLLECTO never received a copy of the promissory note when the account was referred to it for collection. The promissory note was a document executed by Plaintiff and a third-party, Sallie Mae.

Assuming for the sake of argument that Defendant did have the promissory note in its possession, it still could not authenticate it. If Plaintiff needs this "extraordinarily vital" piece of information, she should obtain it from the correct non-party via a subpoena so that there are no issues of authenticity.

Moreover, it is obvious that Plaintiff has in her possession a copy of the promissory note. But yet, Plaintiff is intent on trying to play "got you" games and create issues with Defendant's discovery responses when there should be none.

    c. *<u>Plaintiff's Requests for Admissions and Defendant's Response:</u>*

        i. *Plaintiff is simply incorrect that if a party objects to a request for admission, it must nevertheless still admit or deny the request.*

Plaintiff statement that Defendant "*objected to and failed to admit or deny twenty-one of the twenty-two requests for admissions*" shows Plaintiff's counsel's fundamental

misunderstanding of the Federal Rule of Civil Procedure ("FCRP"), namely FCRP 36. It is Plaintiff's counsel's position that "although [a party] may object to requests, [a party] must still admit or deny the requests. *See,* Exhibit "A". Plaintiff's understanding of the FRCP 36 is wrong.

Federal Rule 36 governs requests for admissions; the Rule's purposes are "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez v. Miami–Dade County,* 297 F.3d 1255, 1268 (11th Cir.2002) (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2252 (2d ed.1994)); *see also Thalheim v. Eberheim,* 124 F.R.D. 34, 35 (D.Conn.1988) ( "An important purpose of the rule is to reduce the cost of litigation by narrowing the scope of disputed issues, facilitating the succinct presentation of cases to the trier of fact, and eliminating the necessity of proving undisputed facts.") (internal citations omitted). Significantly, Rule 36(a) also affords the responding party specified options for answering a request for admission:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it…

Fed.R.Civ.P. 36(a)(4).

> A Responding party may also object to a request for admission.

Fed.R.Civ.P. 36(a)(5).

*See, Cutino v. Untch*, 303 F.R.D. 413, 414–15 (S.D. Fla. 2014)

FRCP 36(a)(3) specifically provides that "the party to whom the request is directed serves on the requesting party a written answer **or** objection". Fed.R.Civ.P. 36(a)(3). A party responding to a request for admission may answer under Rule 36(a)(4), object under Rule 36(a)(5), or both. *See, Cutino v. Untch*, 303 F.R.D. 413, 414–15 (S.D. Fla. 2014); *Chase v. Nova Se. Univ., Inc.*, No. 11-61290-CIV, 2012 WL 1309238, at *1 (S.D. Fla. Apr. 16, 2012); *Solis v. La Familia Corp.*, No. 10-2400-EFM-GLR, 2012 WL 1906508, at *2 (D. Kan. May 25, 2012); *Henry v. Champlain*

*Enterprises, Inc.*, 212 F.R.D. 73 (N.D.N.Y. 2003) ("As an alternative to denying a requested admission, a party is permitted to object to the request").

Contrary to Plaintiff's position, Defendant need not both object to the Request and also admit or deny it.

> ### ii. The majority of Plaintiff's Requests for Admissions demand that Defendant either draw a legal conclusion and/or seeks an admission on an issue central to Plaintiff's liability claim.

Federal Rule 36 governs requests for admissions; the Rule's purposes are "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial.*" Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002) (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2252 (2d ed. 1994)); *see also Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988); *Rocket Real Estate, LLC v. Maestres*, No. 15-62488-CIV, 2016 WL 4468286, at *2 (S.D. Fla. Aug. 24, 2016)

As part of his primia facie case, Plaintiff must plead and prove three elements:  1) the plaintiff must have been the object of a collection activity arising from consumer debt; 2) the defendant must be a debt collector as defined by the FDCPA; and 3) the defendant must have engaged in an act or omission prohibited by the FDCPA. *See also Fuller v. Becker & Poliakoff, P.A.,* 192 F.Supp.2d 1361, 1366 (M.D.Fla.2002); *Kaplan v. Assetcare, Inc.,* 88 F.Supp.2d 1355, 1360 (S.D.Fla.2000).

The vast majority of Plaintiff's Requests for Admissions seek information outside the scope of Rule 36.  As this Court and the 11th Circuit have held "Rule 36 is a time-saver, designed 'to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial'". *See, F.D.I.C. v. B & A Title Services Corp*., 12-24258-CIV, 2013 WL 5814506 (S.D. Fla. 2013) (citing *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002)).

For instance, Plaintiff's Request for Admission No. 2 states as follows:

> *(2) Admit that the Debt is and/or was considered a "consumer debt" as defined by the FDCPA.*

Defendant objected to this Request on two grounds 1) that it calls for a legal conclusion to be draw by Defendant as to whether the debt at issue in the Complaint is and/or was a consumer debt as defined by the FDCPA, and 2) that it seeks an admission on an issue central to Plaintiff's liability claim. The fact of the matter is that Plaintiff is attempting to "try" his case via requests for admissions. It is undisputable that Plaintiff's Request is objection on the basis provided by Defendant.

Time and time again, Plaintiff improperly uses Requests for Admissions for purposes outside the scope of Rule 36. Two other examples of this are Plaintiff's Requests for Admission Numbers 11 and 12 which reads as follows:

> *(11) Admit that Defendant did not have any statutory authority to collect the amount of "Fees Coll. Costs" as depicted in Exhibit A.*
>
> *(12) Admit that Defendant did not have any contractual authority to collect the amount of "Fees Coll. Costs" as depicted in Exhibit A.*

Again, these requests are beyond the scope of Rule 36, requires Defendant to make a legal determination as to whether it violated the law, and seeks an admission on an issue central to Plaintiff's liability claim. As such, Defendant properly objected to Plaintiff's requests.

    **d. Plaintiff's assertion that "[c]onsistent with its goal of hiding even the most basic of information to support the class certification motion, Defendant objected** *to all twenty-seven Interrogatories with the same boiler-plate objections and provided zero substantive responses*

First and foremost, in direct contravention of the Federal Rules of Civil Procedure, Plaintiff propounded 27 Interrogatories (not inclusive of all subparts) without seeking leave of Court or conferring with Defendant.

Additionally, Defendant has demonstrated that Plaintiff's many of the Interrogatories are ill written and contain blunders which make them unanswerable. One such glaring issue is Interrogatory No. 15 which states: *State the name, address, phone number, email address, creditor, and account number for each individual identified in response to Interrogatories 15 through 16.* The interrogatory unanswerable as Interrogatory No. 15 and No. 16 do not request Defendant to identify any individuals. In fact, Interrogatory No. 15 is inherently contradictory.

Further, two potential interrogatories that could serve the purpose of seeking class discovery are Interrogatories No. 13 and 14 which are as follows:

> *(13) Identify the persons (i) with Florida address (ii) in which a debt collection letter was sent (iii) between the filing of the Complaint and one year prior thereto (iv) from Defendant (v) in an attempt to collect a debt (vi) of which Defendant was not the original-creditor, (vii) and said letter attempted to collect a collection fee, costs and/or interest.*
>
> *(14) Identify the persons (i) with Florida address (ii) in which a debt collection letter was sent (iii) between the filing of the Complaint and one year prior thereto (iv) from Defendant (v) in an attempt to collect a debt (vi) of which Defendant was not the original-creditor, (vii) and the current creditor of the debt is US Asset Management, Inc.*

Defendant objected to these interrogatories as follows:

> *Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks irrelevant information which is not proportional to the needs of this case. Initially, Plaintiff putative classes are defined as:*
>
> *1) All persons with Florida address who were sent a letter between June 9, 2017 and June 9, 2018 from Defendant in an attempt to collect a debt incurred for personal, family or household purposes, of which Defendant was not the original creditor and Defendant attempt to collect collection fees in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f, 1692f(1) and/or 1692g(a)(1).*
>
> *2) All persons with Florida address who were sent a letter between June 9, 2017 and June 9, 2018 from Defendant in an attempt to collect a debt incurred for personal, family or household purposes, of which Defendant was not the original creditor and Defendant attempt to collect collection fees in violation of Fla. Stat. 559.72(9).*
>
> *Plaintiff's Interrogatory does not define the putative class in the same was as in the Complaint. As such the information sought in this interrogatory is different than the putative class definition proposed by Plaintiff.*

> *Moreover, Defendant objects to this request as it calls for a legal conclusion on its part to made as to whether any individual it sent a letter to were or were not a debtor as defined by the FDCPA/FCCPA. Additionally, this request calls for a legal conclusion to be drawn as to whether any such letter than Defendant sent does or does not comply with the FDCPA and/or FCCPA in relation to a purported illegal attempt to collect a collection fee.*
>
> *Lastly, this Request seeks information solely related to the maintenance of a potential class action. However, the Court has not yet certified the class so any such information is premature. Plaintiff's "attempt to obtain the class members' names and addresses cannot be forced into the concept of [Fed. R. Civ. P. 26]." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978)(finding a representative plaintiff's request that a defendant help compile a list of class members is more properly handled under the class action [rules of Fed. R. Civ. P. 23], rather than the discovery rules.)*

As noted *supra*, words having meanings and the use of specific words/phrases such as "debtor" and "debt collection letter" can turn an otherwise valid request into an objectionable one. In order to prove a FDCPA and/or FCCPA claim a plaintiff must prove three elements; one of which is that a defendant attempted to collect a "consumer debt", and a second is that the defendant must be considered a "debt collector". Based on Defendant's prior experiences, these types of interrogatives are purposefully written to entice a defendant to "admit" that the debt(s) at issue are consumer debts as defined by the FDCPA and/or FCCPA, and also to "admit" that it was acting a "debt collector" wherein it sent "debt collection letter(s)" to individuals with Florida addresses. Defendant validly objected to these interrogatories on such basis.

Additionally, the two interrogatories request information outside of the allegations contained in the Complaint. Plaintiff's allegation against Defendant clear – Plaintiff alleges that Defendant attempted to collect a "collection fee" in violation of the FDCPA and/or the FCCPA. By requesting information relative to "interest" Plaintiff is requesting information outside the scope of the allegations of the Complaint and to which Plaintiff could not be a putative class representative.

Rather than attempting to address the deficiencies of these requests and others, Plaintiff cried foul and inextricably claims Defendant improperly withheld information.

> ***e. Plaintiff's counsel claims 1) that he is confident that Defendant was not meaningfully involved in the preparation of the discovery responses but rather the discovery responses were the product of Defendant's counsel's own responses, and 2) that this is supported by the fact that the interrogatory responses are not verified by any natural person within Defendant's organization.***

Again, Defendant believes that Plaintiff's accusation stems from a lack of understanding of the Federal Rules of Civil Procedure and the relevant case law on these issues. In its discovery responses, Defendant responded that Defendant is a corporate Defendant, that the Responses were not prepared by any one person or identifiable group of persons, are not the responses of any one individual(s) and the Responses were prepared by an authorized representative with the assistance of Defendant's legal counsel. Plaintiff's issues arise from the mistaken belief that "a natural person within [Defendant's] organization" provided the discovery responses. It is clear that Plaintiff misunderstands that a corporation is a person in the eyes of the law. *See, Braswell v. United States*, 487 U.S. 99, 100, 108 S. Ct. 2284, 2286, 101 L. Ed. 2d 98 (1988); *In re Grand Jury Subpoena Dated Nov. 12, 1991*, 792 F. Supp. 1423, 1427 (S.D. Fla. 1992)

In an effort to confer on perceived issues Plaintiff has with Defendant's discovery responses, Plaintiff's counsel asserted:

> Plaintiff demands that Defendant immediately state what natural person within Defednant's organization provided and/or was consulted with regards to the responses to Plaintiff's Interrogatories and produce the verification page that was lacking in the responses to interrogattories".

*See,* Exhibit "B"

Defendant responded:

> Jibrael,
>
> Please review the Federal Rules of Civil Procedure and the case law on this issue. Objections are asserted by a party's attorney. If the discovery responses are comprised of all or nearly of all objections, then a verification need not be provided as the objections are made by a party's attorney, not the party.
>
> FRCP 33, in pertinent part, states as follows:
>
> (b) Answers and Objections.
> (3) *Answering Each Interrogatory.* Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.
> (5) *Signature.* The person who makes the answers must sign them, and the attorney who objects must sign any objections.
>
> Thanks.

*Ibid.*

Rather than review FRCP 33 or relevant case law, Plaintiff's counsel voiced his disbelief as to the accuracy of Defendant's recitation of the pertinent part of FRCP 33 and stated "[e]ven assuming the accuracy of your prior email (which I do not)…" *Ibid.* All Plaintiff's counsel had to do was to review FRCP 33 and perform a quick review of case law on the issue.[5] Rather than do such, Plaintiff's counsel chose to simply stay unaware of the Federal Rule and case law on the issue and proclaimed the Defendant had nothing to do with the discovery response.

As further contradictory evidence of Plaintiff threadbare assertion, in an attempt to resolve discovery issues, Defendant executed a verified copy of the responses to Plaintiff's Interrogatories.

---

[5] *See, Hilton v. IC Sys., Inc.*, No. 616CV1366ORL40TBS, 2017 WL 3118531, at *2 (M.D. Fla. July 21, 2017)(Plaintiff complains that Defendant's answers to her interrogatories are not signed under oath by a corporate representative. But, as Defendant notes, it objected to all of the interrogatories, and its attorney signed the objections. This is appropriate under FED. R. CIV. P. 33(b)(3)–(5)).

*See,* Exhibit "C". As of the time of filing this Response, Defendant does not believe that Plaintiff has made this Court aware of such fact.

## V. Conclusion.

Based upon the above-enumerated arguments, Defendant respectfully requests that this Court deny Plaintiff's Motion for Extension of Time to File her Motion for Class Certification as Defendant did not engage in any obstructive discovery tactics as alleged by Plaintiff.

Respectfully submitted by:

 /s/ Charles J. McHale
CHARLES J. MCHALE, ESQ.
Florida Bar No.: 0026555
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
cmchale@gsgfirm.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 /s/ Charles J. McHale
CHARLES J. MCHALE, ESQ.
Florida Bar No.: 0026555